[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON MOTION TO DISQUALIFY (#101)
The plaintiff, Blumberg Associates, filed a four count complaint against the defendants, Ralph Wentworth, John DeAngelis and Wentworth-DeAngelis-Kaufman, LLC, alleging that the defendants breached CT Page 17159 their fiduciary duties, violated the Uniform Trade Secrets Act, General Statutes § 35-50 et seq., stole computer information from the plaintiff's computer system in violation of General Statutes § 52-570b
and violated the Connecticut Unfair Trade Practices Act, General Statutes § 42-110a et seq. Attorney Richard P. Weinstein represents the plaintiff in this action. On July 18, 2001, Wentworth filed a motion to disqualify Weinstein on the basis that Weinstein's former partner, Attorney Pearson, represented Wentworth in the sale of his insurance agency to the plaintiff in 1976. Wentworth alleges that Weinstein should be disqualified because his representation of the plaintiff violates rules 1.9[1] and 1.10[2] of the Rules of Professional Conduct.
The plaintiff filed an objection to the motion to disqualify on July 24, 2001. The plaintiff avers that Weinstein's representation is not in violation of rule 1.9 because the issues involved in the present matter are not substantially related to those involved in the prior matter. Further, the plaintiff argues that there is no violation of rule 1.10 because this rule governs disqualification of lawyers while they are associated in a firm and Pearson is no longer associated with Weinstein's firm. Along with the objection to the motion, the plaintiff submitted the affidavit of Weinstein, which states that he did not "learn of, acquire or possess any confidential attorney-client information relating to Wentworth or the sale transaction." (Affidavit of Richard P. Weinstein, July 23, 2001, ¶ 8.)
On August 10, 2001, Wentworth filed a response to the plaintiff's objection. In this response, Wentworth alleges that Weinstein invited Wentworth and his wife to a concert shortly after the transaction in 1976. He alleges that this invitation arose out of a business relationship with Weinstein's firm and that Weinstein must have had access to confidential information regarding Wentworth. Further, Wentworth states that the current litigation arises out of the very transaction which created the current dispute between the parties.
The plaintiff filed a sur-reply to Wentworth's response on August 15, 2001. Weinstein reiterates that he has no file or any knowledge or information concerning the legal representation of Wentworth with regard to the sale of his agency in 1976. Weinstein further states that he has no recollection of the concert mentioned in Wentworth's response and that even if such event took place that is no basis for disqualification. This court heard arguments on the motion to disqualify on October 22, 2001. Subsequent to oral argument, on October 30, 2001, Wentworth filed his affidavit dated October 29, 2001. In response, the plaintiff filed on November 13, 2001, a supplemental memorandum and a second affidavit of Weinstein dated November 9, 2001. CT Page 17160
"Disqualification of counsel is a remedy that serves to enforce the lawyer's duty of absolute fidelity and to guard against the danger of inadvertent use of confidential information." (Internal quotation marks omitted.) American Heritage Agency, Inc. v. Gelinas, 62 Conn. App. 711,725, 774 A.2d 220, cert. denied, 257 Conn. 903. 777 A.2d 192 (2001). In determining whether counsel should be disqualified the court must be "solicitous of a client's right freely to choose his counsel . . . [and] mindful of the fact that a client whose attorney is disqualified may suffer the loss of time and money in finding new counsel and may lose the benefit of its longtime counsel's specialized knowledge of its operations." (Citation omitted; internal quotation marks omitted.)Bergeron v. Mackler, 225 Conn. 391, 397-98, 623 A.2d 489 (1993). "[T]he competing interests at stake in a determination regarding the disqualification of an attorney are: (1) the [former client's] interest in protecting confidential information; (2) the [current client's] interest in freely selecting counsel of [his or her] choice; and (3) the public's interest in the scrupulous administration of justice." (Internal quotation marks omitted.) Crone v. Gill, 250 Conn. 476, 484, 736 A.2d 131
(1999). Another factor to consider is "[t]he length of time which elapses between the claimed adverse representations. . . ." Knights of ColumbusFederal Credit Union v. Salisbury, 3 Conn. App. 201, 205, 486 A.2d 649
(1985).
"Rule 1.9 of the Rules of Professional Conduct governs disqualification of counsel for a conflict of interest relating to a former client. The rule states that: `A lawyer who has formerly represented a client in a matter shall not thereafter: (a) Represent another person in the same or a substantially related matter in which that person's interests are materially adverse to the interests of the former client unless the former client consents after consultation; or (b) Use information relating to the representation to the disadvantage of the former client except as Rule 1.6 would permit with respect to a client or when the information has become generally known.'" Bergeron v. Mackler, supra,225 Conn. 398.
"Rule 1.9(a) expresses the same standard that [the court applied] under the Code of Professional Responsibility when a claim of disqualification based on prior representation arose. Thus, an attorney should be disqualified if he has accepted employment adverse to the interests of a former client on a matter substantially related to the prior representation. . . . This test has been honed in its practical application to grant disqualification only upon a showing that the relationship between the issues in the prior and present cases is patently clear or when the issues are identical or essentially thesame. . . . Once a substantial relationship between the prior and the present representation is demonstrated, the receipt of confidential CT Page 17161 information that would potentially disadvantage a former client is presumed." (Citations omitted; emphasis added; internal quotation marks omitted.) Id., 398-99.
In denying a motion to disqualify, the court in Dileina Taverna, Inc.v. Norwalk Improvements, LLC, Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 378831 (December 4, 2000, Rush, J.), found no substantial relationship between the issues involved in applying for a variance related to parking spaces and those involved in the current breach of contract action. Similarly, in Moss v. Coughlin, Superior Court, judicial district of Danbury, Docket No. 317082 (April 4, 1995, Stodolink, J.) (13 Conn. L. Rptr. 632), the court found that the issues involved in pursuing a negligence action were not so patently clear or identical to those involved in the handling of real estate closings to warrant disqualification under rule 1.9.
In denying the plaintiff's motion to disqualify counsel on the same basis as the above cases, the court in Capozziello v. Capozziello, Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 305428 (December 15, 1997, Kavanewsky, J.), found that the standards for attorney disqualification "`may not be used to restrict an individual's ability to select counsel of choice on the basis of nothing more than a litigant's subjective perception that another litigant is influencing the proceedings.'" Id., quoting Bergeron v. Mackler, supra, 225 Conn. 400. The court felt that since it had been seven years since the attorney represented the plaintiff, it was doubtful that any information imparted by the plaintiff to [the attorney] would be current or useful."Capozziello v. Capozziello, supra, Superior Court, Docket No. 305428.
This court finds that Wentworth has failed to establish that the issues involved in the prior representation and those involved in the current representation are substantially related. Furthermore, more than twenty years has elapsed since the prior representation of the defendant. The prior representation of the defendant involved the sale of his insurance company in 1976. The present representation of the plaintiff involves the defendant's alleged breach of fiduciary duties and use of trade secrets to steal the plaintiff's clients in 1997. These issues are not essentially the same, and the relationship between these issues is not so patently clear as to disqualify the plaintiff's chosen counsel. Therefore, Weinstein's representation of the plaintiff does not violate rule 1.9 of the Rules of Professional Conduct.
Wentworth also argues that Weinstein's representation of the plaintiff is in violation of rule 1.10. This rule governs imputed disqualification and states that "[w]hile lawyers are associated in a firm, none of them shall knowingly represent a client when any one of them practicing alone CT Page 17162 would be prohibited from doing so. . . ." Rules of Professional Conduct 1.10(a). The rule further states that "[w]hen a lawyer has terminated an association with a firm, the firm is not prohibited from thereafter representing a person with interests materially adverse to those of a client represented by the formerly associated lawyer unless . . . [t]he matter is the same or substantially related to that in which the formerly associated lawyer represented the client . . . and . . . [a]ny lawyer remaining in the firm has information protected by Rules 1.6 and 1.9(2) that is material to the matter." Rules of Professional Conduct 1.10(c). The commentary to the rule states that "the rule of disqualification should not be so broadly cast as to preclude other persons from having reasonable choice of legal counsel."
Defendant's motion to disqualify on the basis of rule 1.10 is also denied. Pearson terminated his association with Weinstein's firm in 1994, and, as stated previously, the present matter is not the same or substantially related to the prior representation. Wentworth's speculations that Weinstein has confidential material information are unfounded. No evidence was presented to refute Weinstein's affidavits attesting to the contrary. Thus, Weinstein's representation of the plaintiff is not in violation of Rule 1.10.
Accordingly, the court denies Wentworth's motion to disqualify.
Hennessey, J.